**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AUTO-LAB FRANCHISING, LLC

       Plaintiff,

v.                                               Case No. 16-11766

LOAY DALLO, et al.,

       Defendants.
                                              /

**ORDER DENYING PLAINTIFF'S "MOTION FOR A TEMPORARY RESTRAINING ORDER" AND SETTING TELEPHONE CONFEREMCE**

This is a case in which Plaintiff, a franchiser, alleges (among other things) that Defendants, its former franchisees, have violated and continue to violate a contractual non-compete agreement, and that Defendants have used and are continuing to use Plaintiff's marks, registered and protected under 15 U.S.C. §1051.

On May 18, 2016, Plaintiff filed its Complaint (Dkt. # 1), and promptly served each of the Defendants. On May 23, 2016, Plaintiff filed a "Motion for a Temporary Restraining Order and Motion for Preliminary Injunction." (Dkt. # 4.) One Defendant, a limited liability company, was served on May 19, 2016, through counsel accepting service; the other Defendant, Loay Dallo, was served by first class mail the same day. A response to the motion is yet to be filed on behalf of any Defendant.[1]

The court has, nonetheless, reviewed the motion and determined that the

---

[1] The court is aware that Defendant ML Auto has requested a stay of this case in light of pending bankruptcy proceedings in this district. (Dkt. # 10.) Those proceedings do not, however, appear to implicated Defendant Dallo. The court will deny the TRO here and further consider the propriety of a stay in this case once all Defendants can be heard.

requirements for issuing a temporary restraining order are not met in this case.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)).  Rule 65 states in relevant part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).  When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]."  *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted).  These factors are "interrelated considerations that must be balanced together," not independent prerequisites.  *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]."  *Id.* (citing *Griepentrog*, 945 F.2d at 153).

In this case, Plaintiff's request for relief in the form of money damages appears to overwhelm the injunctive relief sought, indicating that Plaintiff's concerns can largely be assuaged by an award of damages at a later date. If money damages can compensate

a plaintiff's harm, then the harm is not irreparable and a temporary restraining order is not warranted. *See Overstreet v. Lexington Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Defendant ML Auto appears to have consented to stopping much of the infringing activity, *see* Pl.'s Mot. 2 (Dkt. # 4, Pg. ID 111), and the contested relief concerns primarily requests for damages. In its motion for a TRO and in the Complaint, Auto-Lab seeks to have Defendants "pay all royalty amounts and fees due," relief that is wholly compensatory through money damages awarded at some later date. (Dkt. # 4, Pg. ID 112.)

Moreover, in the Complaint, Plaintiff specifically seeks "an award of treble damages," along with "damages . . . due under the Franchise Agreement," an "accounting of Defendants' revenues, earnings, and profits for the purpose of determining damages," and an award of "attorneys' fees incurred in this action." (Dkt. #1, Page ID 18). With that, Plaintiff indicates with sufficient clarity that the damages sought are, in fact, measurable in money, and that the injuries complained of are commensurately reparable. For those reasons, based upon and limited to the facts averred in the instant Complaint and Motion, Plaintiff fails to establish that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Accordingly,

IT IS ORDERED that Plaintiff's "Motion for a Temporary Restraining Order and Motion for Preliminary Injunction" (Dkt. # 4) is DENIED only with respect to the request for a temporary restraining order.

IT IS FURTHER ORDERED that Plaintiff must serve this order on each Defendant individually by no later than **June 15, 2016.** The court will then conduct a telephone conference on **June 23, 2016 at 10:00 a.m.** to discuss and seek agreement

3

on the logistics of a preliminary injunction hearing.

IT IS FURTHER ORDERED that the court will conduct a hearing on the request for a preliminary injunction on **a date and time to be determined at the telephone conference.**[2]

IT IS FURTHER ORDERED that natural parties and entity party representatives with fully dispositive settlement authority are required to appear at the time set above for the hearing fully prepared to discuss case settlement options under the supervision of the assigned Magistrate Judge.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 8, 2016, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

---

[2] Should the parties settle this case prior to the hearing, the parties are directed to inform the court immediately.

S:\Cleland\JUDGE'S DESK\C2 ORDERS\16-11766.AUTOLAB.tro.deny.SMQ.wpd